IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LAGROTTERIA, as Administrator Pendente Lite of the Estate of ANTHONY G. TALOTTA, | Civil Action |
| | No. 2:23-CV-01786 |
| Plaintiff, | |
| v. | **A JURY TRIAL IS DEMANDED** |
| ALLEGHENY COUNTY, ALLEGHENY HEALTH NETWORK, WILSON BERNALES, DONALD W. STECHSCHULTE, LOCUMTENENS.COM, LLC, | |
| Defendants. | |

AND NOW COMES Allegheny County by Assistant Allegheny County Solicitor John A. Bacharach  and files this Answer to the Amended Complaint:

1.  This Introductory paragraph consists of  legal conclusions and arguments that require no response. To the extent that a response is required it is denied except to the extent that specific averments of fact are admitted below in this answer.

2.  This Introductory paragraph consists of legal conclusions and arguments that require no response. To the extent that a response is required it is denied except to the extent that specific averments of fact are admitted below in this answer.

3.  This Introductory paragraph consists of legal conclusions and arguments that require no response.  To the extent that a response is required it is denied except to the extent that specific averments of fact are admitted below in this answer.

4.  This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

5. Admitted.

6. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

7. Denied. This paragraph is an argumentative narrative that cannot be answered. It is, however, admitted that specified medical services to ACJ inmates pursuant to written contracts with Allegheny County by entities affiliated with AHN. The contract or contracts are writing that are speak for themselves.

8. This paragraph relates to AHN and requires no response by Allegheny County. To the extent that a response is required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

9. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. It is, however, admitted that Dr. Bernales was a physician who provided medical care at the ACJ for a period of time.

10. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. It is, however, admitted that Dr. Stechschulte was the ACJ Medical Director and provided medical care at the ACJ.

11. No response is required.

12. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

13. It is admitted that Allegheny County is home Rule county government and operates that ACJ. The remaining averments of this paragraph are legal conclusions or

argument that requires no response. To the extent that a response is required it is denied.

14. No response is required to this paragraph.

Answer to Averments of Fact

15. Admitted that Mr. Talotta came to the ACJ on September 10, 2021 after being arrested for assault. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the other averments of this paragraph. It is, however, admitted that Mr.Talotta suffered from some mental health and mental development conditions.

16. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is, however, admitted that he had sustained an injury prior to coming to the ACJ.

17. Admitted.

18. This paragraph is directed to the knowledge of the Medical Defendants and requires no response by Allegheny County. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

19. This paragraph is directed to the knowledge of the Medical Defendants and requires no response by Allegheny County. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

20. This paragraph is directed to the knowledge of the Medical Defendants and requires no response by Allegheny County. To the extent that a response may be required, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

21.  After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. By way of further response, this paragraph refers to Mr. Talotta's medical record that speaks for itself.

22. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. By way of further response, this paragraph refers to Mr. Talotta's medical record that speaks for itself.

23. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

24. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

25. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this

paragraph. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

26. This paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

27. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

28. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

29. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

30. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. By way of further answer, Allegheny County's policy and practice was to provide Mr. Talotta with at least constitutionally required medical care .

31. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself. By way of further answer, Allegheny County's policy and practice was to provide Mr. Talotta with at least constitutionally required medical care .

32. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. This paragraph refers to a medical record that speaks for itself. By way of further answer, Allegheny County's policy and practice was to provide Mr. Talotta with at least constitutionally required medical care .

33. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. To the extent that this paragraph refers to Mr. Talotta's medical record, that document speaks for itself.

34. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

35. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

36. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

37. Denied. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

38. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself and which indicated that wound care was provided every day from September 14 to September 20, 2022, except for September 19, 2022. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

39. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself.

40. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

41. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

42. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth

Amendment to the Constitution of the United States of America. By way of further answer, Allegheny County's policy is to provide needed diabetes care to ACJ inmates.

43. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

44. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

45. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

46. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

47. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

48. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

49. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

50. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

51. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is

denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

52. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

53. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. Some assistive devices are not allowed or their use is restricted at the ACJ for reasonable correctional safety and security concerns. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

54. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. Some assistive devices are not allowed or their use is restricted at the ACJ for reasonable correctional safety and security concerns. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

55. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. Some

assistive devices are not allowed or their use is restricted at the ACJ for reasonable correctional safety and security concerns. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute.

56. It is denied that there is any policy or practice to remove assistive devices from intellectually disable inmates. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

57. It is denied that there is any policy or practice to remove assistive devices from intellectually disabled inmates.  Allegheny County's policy is to accommodate inmates with mobility issues to the extent it is consistent with inmate and institutional safety and security. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

58. Denied.

59. It is denied that there is any policy or practice restrict housing to a mental health unit and to prohibit his from being housed on medial health unit because he was an intellectually disabled inmates. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care

provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons. Housing on a medial or mental health unit is determined by health care staff.

60. The ACJ does have policies and practices related to housing individuals with medical or mobility conditions.

61. It is denied that there is any policy or practice to exclude intellectually disable intellectually or developmentally disable inmates from medical housing units. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

62. It is denied that there is any policy or practice to exclude intellectually disable intellectually or developmentally disable inmates from medical housing units or that inmates on a mental health unit cannot receive appropriate medical care. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

63. It is denied that there is any policy or practice to exclude intellectually disable intellectually or developmentally disable inmates from medical housing units or that inmates on a mental health unit cannot receive appropriate medical care. To

the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

64. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

65. It is denied that there is any policy or practice to exclude intellectually disable intellectually or developmentally disable inmates from medical housing units or that inmates on a mental health unit cannot receive appropriate medical care. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

66. This paragraph refers to a medical record that speaks for itself.

67. Denied as to Allegheny County.

68. Denied. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

69. It is denied that there is any policy or practice to required intellectually or developmentally disable inmates to care for their own wounds because of their

disability. Allegheny County has no knowledge or information that Mr. Talotta was required to care for his own wounds. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

70. Denied. The ACJ had unfilled, but authorized positions,. However, those positions were not filled because of the lack of qualified applicants. ACJ used staff overtime and agency personnel to provide adequate staff.

71. This paragraph refers to a medical record that speaks for itself. Allegheny County has no knowledge or information that Mr. Talotta was allegedly not receiving sulfamethoxazole. To the extent that it was prescribed and not received it was against Allegheny County policy.

72. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

73. It admitted the Mr. Talotta was taken to West Penn Hospital for a medical evaluation and treatment.

74. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

75. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

76. Denied. It is denied that there is any policy or practice to exclude intellectually disable intellectually or developmentally disable inmates from medical housing units or that inmates on a mental health unit cannot receive appropriate medical care. To the extent that occurred, which is not admitted, it was against ACJ policy or practice. To the extent that this paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America or any statute providing protections for disabled persons.

77. Denied

78. Denied.

79. Denied. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the other averments of this paragraph. To the extent that Mr. Talotta did not receive wound care it was against Allegheny County policy and practice. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

80. Denied.

81.  Denied. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

82.  After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

83. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

84. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

85.  This paragraph refers to a medical record that speaks for itself. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

86. After reasonable investigation the  Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

87.  After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

88. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

89. Denied.

90. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

91. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

92. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

93. This paragraph refers to a medical record that speaks for itself. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

94. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

95. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

96. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

97. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

98. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

99. This paragraph refers to a medical records that speak for itself.

100. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

101. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

102. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

103. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

104. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is , however, admitted that Mr. Talotta was found unresponsive in his cell.

105. This paragraph refers to a medical record that speaks for itself.

106. Admitted.

107. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

108. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

109. Admitted.

110. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

111. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. It is admitted that an addendum to the progress notes in the medical record was made by Dr. Bernales on September 21, 2022. The record speaks for itself.

112. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

113. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

114. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

115. This Paragraph refers to a medical record that speaks for itself

116. Admitted

117. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

118. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

119. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

120. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

121. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

122. It is admitted that Bernales and Stechschulte were medical doctors who physically performed medical services at the ACJ.

123. Not admitted this paragraph relates to another Defendant.

124. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. However, Bernales was licensed to practice medicine in the Commonwealth of Pennsylvania.

125. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent this paragraph refers to records they speak for themselves.   It is, however, admitted that Dr. Bernales had professional disciplinary actions taken against him. When Allegheny County learned of that information it terminated his practice at the ACJ.

126. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent this paragraph refers to records they speak for themselves.  Dr. Bernales held a medical license in Pennsylvania at all material times.

127. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent this paragraph refers to records they speak for themselves. Dr. Bernales held a medical license in Pennsylvania at all material times.

128. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph. To the extent this paragraph refers to records they speak for themselves. Dr. Bernales held a medical license in Pennsylvania at all material times.

129. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. Dr. Bernales held a medical license in Pennsylvania at all material times.

130. After reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

131. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied. Dr. Bernales held a medical license in Pennsylvania at all material times.  Allegheny County reasonably relied upon the expertise of others to assess the qualifications of a medical doctor.

132. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

133. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

134. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

135. There were 17 deaths from 2020 to 2022 of ACJ inmates or former inmates.

136. Denied.

137. It is admitted the Dr. Stechschulte was the ACJ Medical Director and he had some supervisory duties as part of his position. Dr. Stechschulte was not an Allegheny County employee.

138. Denied as stated. Dr. Stechschulte had supervisory and direct care duties, as well as other duties, at the ACJ. Dr. Stechschulte was not an Allegheny County employee.

139. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

140. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

141. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

142. Denied as stated. The Plaintiff has not defined the term used in this paragraph.

143. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

144. Denied. The ACJ had staffing limitations during the Covid pandemic, which was a nationwide problem, but it is denied that staffing was a substantial contributor to the Mr. Talotta's death, which was determined to have been from a cardiac event by the medical examiner.

145. Denied. The ACJ had staffing limitations during the Covid pandemic, which was a nationwide problem, but it is denied that staffing was a substantial contributor to the Mr. Talotta's death, which was determined to have been from a cardiac event by the medical examiner.

146. This paragraph relates to Dr. Stechschulte and requires no response from Allegheny County. To the extent that a response is required it is denied. It is denied that the medical care provided to Mr. Talotta violated the Fourteenth Amendment to the Constitution of the United States of America.

147. This paragraph is argument and opinion and requires no response. It is not admitted. It is admitted, however, that a survey was conducted.

148. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

149. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

150. Denied, but it is admitted that Dr. Stechschulte was provide medical services at the ACJ during the time this survey was conducted.

151. Denied.

152. The document speaks for itself. It findings and conclusions are not admitted.

153. The document speaks for itself. It findings and conclusions are not admitted.

154. Admitted, but accreditation by the NCCHC is voluntary.

155. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

156. Denied as stated. The ACJ uses NCCHC standards as a reference source.

157. The document speaks for itself. It findings and conclusions are not admitted.

158. The document speaks for itself. It findings and conclusions are not admitted.

159. The document speaks for itself. It findings and conclusions are not admitted.

160. The document speaks for itself. It findings and conclusions are not admitted.

161. The document speaks for itself. It findings and conclusions are not admitted.

162. The document speaks for itself. It findings and conclusions are not admitted.

163. The document speaks for itself. It findings and conclusions are not admitted.

164. The document speaks for itself. It findings and conclusions are not admitted.

165. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

166. It is denied that Mr. Talotta was misclassified or that his classification had any role in his medical treatment.

167. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

168. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

169. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

170. Denied.

171. Denied.  The error was caused by the mistaken use of incorrect methodology.

172. Denied.  The error was caused by the mistaken use of incorrect methodology.

173. Denied.

174. The timing of the training was unrelated to Mr. Talotta's incarceration or treatment, but it was a long planned for action.

**Count I**
**Training**
**Municipal Defendant**

175. All prior paragraphs are incorporated by reference.

176. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

177. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

178. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

179. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

180. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

181. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

182. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

183. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

184. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

185. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

186. Denied.

## Count II
## Screening

187. All prior paragraphs are incorporated by reference.

188. Denied as the Municipal Defendant . As to the other Defendants, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

189. Denied as the Municipal Defendant . As to the other Defendants, after reasonable investigation the Defendant is without knowledge or information that is sufficient to form a belief regarding the truth of the averments of this paragraph.

**Count III -Medical Care**
**Bernales**

190. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

191. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

192. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

193. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

194. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

195. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

196. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

197. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

198. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

**Count IV**
**Supervisory Liability**
**Stechschulte**

This count relates to Stechschulte only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

199. This count relates to Stechschulte only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## Count IV
## ADA
## Allegheny County

200. All prior paragraphs are incorporated by reference.

201. This paragraph is a legal conclusion that requires no response. To the extent that a response is required it is denied.

202. Denied.

203. Denied.

## Count V
## Rehabilitation Act
## Allegheny County

204. All prior paragraphs are incorporated by reference.

205. Denied.

206. Denied

## Count VII
## Hiring
## Locum Tenens and AHN

207. . All prior paragraphs are incorporated by reference.

208. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

209. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

210. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

211. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## Count VIII
## Medical Negligence
### AHN

212. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

213. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

214. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

215. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

216. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

217. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

218. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

219. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## Count IX
## Wrongful Death
### AHN

220. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

221. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

222. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

223. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

224. This count relates only to other parties and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

**Count X**
**Negligence**
**Bernales**

225. This count relates to Bernales only and requires no response by the Municipal Defendant. To the extent that a response may be required this paragraph is denied.

226. This count relates to Bernales only and requires no response by the Municipal Defendant. To the extent that a response may be required this paragraph is denied.

227. This count relates to Bernales only and requires no response by the Municipal Defendant. To the extent that a response may be required this paragraph is denied.

228. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

229. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

230. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

231. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## Count XI
## Corporate Negligence
## AHN

232. This count relates to AHN only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

233. This count relates to AHN only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

234. This count relates to AHN only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## Count XII
## Vicarious Liability
## AHN

235. This count relates to AHN only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

236. This count relates to AHN only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

237. This count relates to AHN only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## Count XIII
## Negligence
## Bernales

238. This count relates to Bernales only and requires no response by the Municipal Defendant. To the extent that a response may be required this paragraph is denied.

239. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

240. This count relates to Bernales only and requires no response by the Municipal Defendant . To the extent that a response may be required this paragraph is denied.

## AFFIRMATIVE DEFENSES

241. Defendant incorporates Paragraphs 1-240 as though set forth completely  herein.

242. Plaintiff has failed to state a claim, and cannot establish a claim, upon which relief can be granted against this Defendant under the Eighth Amendment to the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, 42 Pa.C.S.A. §§ 1983, 1988, any U.S. Civil Rights Act or amendments thereto, any other provision of the U.S. Constitution or laws.

243. Plaintiff has failed to state a claim, and cannot establish a claim, entitling Plaintiff to judgment against, or entitling Plaintiff to recover from, this Defendant for any compensatory, exemplary, punitive, or any other type of damages, fees, or  costs.

244. Plaintiff has failed to establish, and cannot establish, that, if and when this Defendant acted under color of state, local or federal statute, ordinance, custom, regulation, usage, law, or authority, any of them violated any constitutional or other rights had by the Plaintiff.

245. Plaintiff failed to seek redress of Plaintiff's grievances through the Prison Litigation Reform Act.

246. Plaintiff has otherwise failed to exhaust administrative remedies.

247. Plaintiff has procedurally defaulted on the claims in this suit.

248. This Defendant engaged in no custom, policy, practice, protocol, procedure, actions, or inactions that interfered with the Plaintiff's rights while in the ACJ, that violated any right protected by the Constitution or laws of the United States of America

249. Plaintiff failed to mitigate damages.

250. Plaintiff voluntarily assumed a known risk of injury.

251. This Defendant was in no way deliberately indifferent to the Plaintiff's conditions-of-confinement, or other needs and/or rights.

252. This Defendant neither knew of nor disregarded any objective or excessive risk to the Plaintiff's health or safety.

253. At all times relevant hereto, This Defendant took appropriate actions and used appropriate customs, policies, practices, and protocols to protect the Plaintiff's rights while at the ACJ and to satisfy any and all duties this Defendant had to the Plaintiff.

254. The Defendant took appropriate steps in an effort to provide for necessary care for him to reduce his injuries and damages.

255. Allegheny County is entitled to all available immunities from suit.

249. As against This Defendant, Plaintiff's instant action is without reasonable support in fact or law, is patently unmeritorious, is frivolous, is vexatious, and cannot prevail.

250. Plaintiff's suit is barred by the applicable statute of limitations.

251. Plaintiff's suit is barred by laches.

252. Plaintiff's suit and request for damages are otherwise barred by law and/or equity.

253. Plaintiff's claims and damages are barred or limited by the Prison Litigation Reform Act.

254. Plaintiff claims under the Americans with Disabilities Act and the Rehabilitation Act are redundant.

255. The Americans with Disabilities Act does not provide a remedy for allegedly inadequate health care.

    **WHEREFORE,** Defendant demands judgment in its favor and against Plaintiff. Defendant also demands all appropriate attorneys' fees and costs incurred by them in defending this action.

Respectfully submitted,

*/s/ John A. Bacharach*
John A. Bacharach
Assistant County Solicitor
Pa. I.D. #19665

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1053
John.Bacharach@alleghenycounty.us

**<u>A Jury Trial is Demanded</u>**

<u>CERTIFICATE OF SERVICE</u>

I, John A. Bacharach, Assistant County Solicitor, do hereby certify that a true and correct copy of the ANSWER TO THE AMENDED COMPLAINT was served electronically upon all counsel of record:

Bret Grote
Abolitionist Law Center
PO Box 8654
Pittsburgh, PA 15221
Email: bretgrote@abolitionistlawcenter.org

Alexander B Wright
O'Brien, Coleman & Wright, LLC
116 Boulevard of the Allies
Pittsburgh, PA 15222


<u>/s/ *John A. Bacharach*</u>
John A. Bacharach
Assistant County Solicitor

Date: <u>January 18, 2024</u>